**IN THE UNITED STATES DISTRICT COURTS**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ESTATE OF DAVID HARPER,
DECEASED, BY ADMINISTRATOR
JAMES P. MCGARRITY
        Plaintiff,

v.                                CASE NO.

NURSE ASSIST, INC.
And
DEER MEADOWS
REHABILITATION CENTER
And
DEER MEADOWS OPERATIONS,
LLC
And
PENNSYLVANIA HOSPITAL OF
THE UNIVERSITY OF
PENNSYLVANIA HEALTH
SYSTEM d/b/a PENNSYLVANIA
HOSPITAL
        Defendants.

19-4745

---

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT**
       **FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. 1446, 1441(a), and 1332, Defendant, Nurse Assist, Inc. (hereinafter

referred to as "Nurse Assist"), removes to this Court the above action, pending as a civil action

No. 181001588 in the Court of Common Pleas, Philadelphia. As grounds for removal, Nurse Assist

states:

## BACKGROUND

1. This civil action was commenced after the expiration of the Pennsylvania Statute of Limitations for Plaintiff's claims, via Writ by Plaintiff on October 11, 2018 and is pending in the Court of Common Pleas, Philadelphia, a court located within this District, under Docket No. 181001588.

2. Plaintiff filed a Complaint on December 21, 2018 against Defendants, Nurse Assist, Inc., Deer Meadow Rehabilitation Center, Deer Meadows Operations, LLC, Pennsylvania Hospital of the University of Pennsylvania Health Systems d/b/a Pennsylvania Hospital.

3. Thereafter on February 7, 2019, which was also after the expiration of Plaintiff's statute of limitations, Defendant Nurse Assist, Inc. filed a Joinder Complaint against Pharmscript, LLC.[1]

4. On September 19, 2019, the Court of Common Pleas, Philadelphia entered a Judgement of *Non Pros* dismissing non-diverse Defendants, Deer Meadow Rehabilitation Center and Deer Meadows Operations, LLC, from the case.

5. On October 7, 2019, the Court of Common Pleas, Philadelphia entered a Judgement of *Non Pros* dismissing non-diverse Defendant, Pennsylvania Hospital of the University of Pennsylvania Health Systems d/b/a Pennsylvania Hospital from the case.

6. Thus, the only remaining party against whom Plaintiff, a Pennsylvania resident, has direct claims is Nurse Assist, Inc., a Texas corporation.

7. This Court has jurisdiction over this action under 28 U.S.C. 1332, *et seq.* As such, removal is proper as this Court has diversity jurisdiction.

---

[1] It is noted that even if the issue of the expiration of the Pennsylvania Statute of Limitations for all of Plaintiff's claims against Nurse Assist, Inc. is ignored, which it should not be, there are no direct claims by Plaintiff against Additional Defendant, Pharmscript LLC.

8. Nurse Assist, Inc. is filing this Notice of Removal within thirty days of the dismissal of the non-diverse defendants in accordance with 28 U.S.C. 1446 (b)(3), making Removal timely.

9. Nurse Assist, Inc. is filing this Notice of Removal within one year of the commencement of this action in accordance with 28 U.S.C. 1446 (c)(1), making removal timely.

10. This Court has jurisdiction over this action under 28 U.S.C. 1332. As such, removal is proper as this Court has diversity jurisdiction.

11. Venue is proper in this Court because the Court of Common Pleas, Philadelphia, where this case was originally filed, is in this District. *See* 28 U.S.C. 1446(a).

12. Pursuant to 28 U.S.C. 1446(d), Nurse Assist, Inc. is serving a copy of this Notice of Removal on all counsel of record and with the Prothonotary of the Court of Common Pleas, Philadelphia.

13. Pursuant to 28 U.S.C. 1446(a), a copy of all process, pleadings and orders served upon Nurse Assist, Inc. prior to the filing of this Notice of Removal is attached hereto as **Exhibit "A."**

## DIVERSITY JURISDICTION

**Amount in Controversy**

14. Plaintiff filed a Case Management Memo, in the Court of Common Pleas, Philadelphia, which sets forth a demand for settlement of $10,000,000.00. *See* Plaintiff's Case Management Memorandum, a true and correct copy of which is attached hereto as **Exhibit "B."**

15. Plaintiff seeks a variety of damages including compensatory damages, exemplary damages, loss of wages, reimbursement for funeral expenses, as well as all other damages under the Wrongful Death Act. *See* **Exhibit "A,"** *also see* **Exhibit "B."**

3

16. As Plaintiff seeks damages in excess of $75,000, the matter is removable under 28 U.S.C. 1332.

**Diversity of Citizenship**

17. The diversity of citizenship requirement under 28 U.S.C. 1332(a) is met.

18. Decedent was a resident of Pennsylvania. *See* **Exhibit "A,"** p. 3.

19. For removal purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State of foreign state where it has its principal place of business." 28 U.S.C. 1332(c)(1).

20. Defendant, Nurse Assist, Inc. (incorrectly captioned as "Nurse Assist, LLC d/b/a Nurse Assist, Inc.") is a Texas corporation with principal places of business in Haltom City, Texas.

21. Defendants, Deer Meadow Rehabilitation Center, Deer Meadows Operations, LLC, Pennsylvania Hospital of the University of Pennsylvania Health Systems d/b/a Pennsylvania Hospital were all Pennsylvania corporate entities but have been dismissed from this action.

22. Additional Defendant, Pharmscript, LLC was joined after the expiration of Plaintiff's statute of limitations, therefore Plaintiff has no direct claims against Additional Defendant, Pharmscript, LLC.

23. Additional Defendant, Pharmscript, LLC is a New Jersey Limited Liability Company with a principal place of business in New Jersey.[2]

---

[2] It is noted that one of the members of Pharmscript, LLC is a Pennsylvania resident, however, Pharmscript, LLC's presence is not taken into consideration in connection with diversity as Plaintiff has no direct claims against Additional Defendant akin to an Additional Defendant joined pursuant to Fed. R. 14.

24. Additional Defendant, Pharmscript, LLC consents to removal. *See* Pharmscript, LLC's consent to removal, a true and correct copy of which is attached hereto as **Exhibit "C."**

25. As Plaintiff does not have any direct claims against Additional Defendant, Pharmscript, LLC the joinder of Pharmscript, LLC is akin to a joinder under Federal Rule 14 and as such, does not defeat diversity. *See* Spring City Corp. v. American Bldgs. Co., 193 F3d 165, 1999 U.S. App. LEXIS 24607(1999) (*holding a third-party defendant joined under Fed. R. 14 does not become a defendant as against the original plaintiff, so that federal jurisdiction is not destroyed where those parties are citizens of the same state.*)

26. Therefore, the matter is removable pursuant to 28 U.S.C. 1332.


WHEREFORE, Defendant, Nurse Assist, Inc. effects the removal of this action from the Court of Common Pleas, Philadelphia to the United States District Court for the Eastern District of Pennsylvania.

MORGAN & AKINS, PLLC

By:    _Alysa Talarico_

PATRICIA A. BAXTER
pbaxter@morganakins.com
ALYSA TALARICO
atalarico@morganakins.com
The Graham Building
30 South 15th Street, Suite 701
Philadelphia, PA 19102
Attorneys for Defendant Nurse Assist, Inc.

Date:   October 11, 2019

## IN THE UNITED STATES DISTRICT COURTS
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ESTATE OF DAVID HARPER,
DECEASED BY ADMINISTRATOR
JAMES P. MCGARRITY
        Plaintiff,
        v.                                      CASE NO.
NURSE ASSIST, INC.
And
DEER MEADOWS
REHABILITATION CENTER
And
DEER MEADOWS OPERATIONS,
LLC
And
PENNSYLVANIA HOSPITAL OF
THE UNIVERSITY OF
PENNSYLVANIA HEALTH
SYSTEM d/b/a PENNSYLVANIA
HOSPITAL
        Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2019, a copy of the foregoing Notice of Removal was

mailed first-class, postage prepaid, to all counsel of record at the following addresses:

Frank A. Rothermel, Esquire
Law Offices of Bernardt, Rothermel & Siegel, P.C.
1515 Market Street, Suite 1540
Philadelphia, PA 19102
*Counsel for Plaintiff*

6

John Farrell, Esquire
Elizabeth Pope, Esquire
Marshall, Dennehey Warner Coleman & Goggin

2000 Market St.
Suite 2300
Philadelphia, PA 19103
*Counsel for Pharmscript, LLC*

**MORGAN & AKINS, PLLC**

By: _Alysa Talarico_

PATRICIA A. BAXTER
pbaxter@morganakins.com
**ALYSA TALARICO**
atalarico@morganakins.com
The Graham Building
30 South 15th Street, Suite 701
Philadelphia, PA  19102
Attorneys for Defendant Nurse Assist, Inc.

Date:   October 11, 2019

# EXHIBIT A

PATRICIA J. BAXTER
Attorney I.D. No. 83683
ALYSA TALARICO
Attorney I.D. No. 84512
**MORGAN & AKINS, PLLC**
The Graham Building
30 S. 15th Street, Suite 701
Philadelphia, PA 19102
(267) 691-3900
pbaxter@morganakins.com
atalarico@morganakins.com
*Attorneys for Defendant, Nurse Assist, Inc.*

*Filed and Attested by the
Office of Judicial Records
17 JAN 2019 09:43 am
E. HAURIN*

| | |
|---|---|
| **ESTATE OF DAVID HARPER,** **DECEASED BY AND THROUGH** **THE ESTATE'S ADMINISTRATOR,** **JAMES P. MCGARRITY** <br> Plaintiff, <br> v. <br> **NURSE ASSIST, INC.** <br> And <br> **DEER MEADOWS REHABILITATION** **CENTER** <br> And <br> **DEER MEADOWS OPERATIONS, LLC** <br> And <br> **PENNSYLVANIA HOSPITAL OF THE** **UNIVERSITY OF PENNSYLVANIA** **HEALTH SYSTEMS d/b/a** **PENNSYLVANIA HOSPITAL** <br> Defendants. | **COURT OF COMMON PLEAS** **PHILADELPHIA** <br><br> **OCTOBER TERM, 2018** **NO. 1588** |

### PRACECIPE FOR WRIT AND WRIT TO JOIN ADDITIONAL PARTIES

**PRACEIPE**

TO THE PROTHONOTARY:

Issue Writ to join the following defendants in the above captioned case:

**Pharmscript, LLC 150 Pierce Street, Somerset, NJ 08873**

**MORGAN & AKINS, PLLC**

BY:     /s/ Alysa Talarico
        PATRICIA J. BAXTER, ESQUIRE
        ALYSA TALARICO, ESQUIRE
        *Attorneys for Nurse Assist, Inc.*

Case ID: 181001588

| | |
|---|---|
| **ESTATE OF DAVID HARPER,**<br>**DECEASED BY AND THROUGH**<br>**THE ESTATE'S ADMINISTRATOR,**<br>**JAMES P. MCGARRITY**<br>          **Plaintiff,**<br>**v.**<br>**NURSE ASSIST, INC.**<br>**And**<br>**DEER MEADOWS**<br>**REHABILITATION CENTER**<br>**And**<br>**DEER MEADOWS OPERATIONS,**<br>**LLC**<br>**And**<br>**PENNSYLVANIA HOSPITAL OF**<br>**THE UNIVERSITY OF**<br>**PENNSYLVANIA HEALTH**<br>**SYSTEMS d/b/a PENNSYLVANIA**<br>**HOSPITAL**<br>          **Defendants.** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA**<br><br>**OCTOBER TERM, 2018**<br>**NO. 1588** |

### PRACECIPE FOR WRIT AND WRIT TO JOIN ADDITIONAL PARTIES

**WRIT**

TO: <u>**Pharmscript, LLC 150 Pierce Street, Somerset, NJ  08873**</u>

<u>YOU ARE HEREBY NOTIFIED THAT DEFENDANT, CK DRILL, LLC, HAS JOINDED YOU</u>

<u>AS AN ADDITIONAL DEFENDANT IN THIS MATTER WHICH YOU ARE REQUIRED TO</u>

<u>DEFEND.</u>

**DATED:** _____       **BY:**_____

                            PROTHONOTARY

181001588
17 JAN 2019 09:43 am
F. HAURIN

Case ID: 181001588

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January, 2019, I electronically filed the foregoing Praecipe for Writ to Join with the Prothonotary using The Philadelphia Courts Electronic Filing System, which will automatically send notification of such filing to all counsel of record registered with the Philadelphia Courts Electronic Filing System.

**MORGAN & AKINS, PLLC**

BY:      /s/ Alysa Talarico
         PATRICIA J. BAXTER, ESQUIRE
         ALYSA TALARICO, ESQUIRE
         *Attorneys for Nurse Assist, Inc.*

Law Offices
Bernhardt, Rothermel & Siegel, P.C.
By: Frank A. Rothermel, Esquire
Attorney Identification No.: 54038
1515 Market Street, Suite 1540
Philadelphia, Pennsylvania 19102
(215) 568-0100 - Telephone
(215) 569-0853 - Facsimile
frothermel@brspc.com

Filed and Attested by the
Office of Judicial Records
21 DEC 2018 12:04 pm
M. RUSSO

Attorney for Plaintiff

| | |
|---|---|
| Estate of David Harper, Deceased, by Administrator James P. McGarrity 1500 John F. Kennedy Blvd. Philadelphia, PA 19107 | COURT OF COMMON PLEAS PHILADELPHIA COUNTY, PA |
| Plaintiff | MAJOR JURY TRIAL |
| v. | |
| Nurse Assist, Inc. AND Deer Meadows Rehabilitation Center AND Deer Meadows Operations, LLC AND The Pennsylvania Hospital of the University of Pennsylvania Health System, d/b/a Pennsylvania Hospital | OCTOBER TERM, 2018 NO. 1588 |
| Defendants | |

CIVIL ACTION - 2P (PRODUCT LIABILITY & 2M (MEDICAL PROFESSIONAL LIABILITY ACTION)
PLAINTIFF'S COMPLAINT

NOTICE TO DEFEND

<table>
<tr><th>NOTICE</th><th>AVISO</th></tr>
<tr><td>

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

</td><td>

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostos derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

</td></tr>
<tr><td align="center">

Philadelphia Bar Association
Lawyer Referral & Information Service
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215)238-6300

</td><td align="center">

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215)238-6300

</td></tr>
</table>

Law Offices
Bernhardt, Rothermel & Siegel, P.C.
By: Frank A. Rothermel, Esquire
Attorney Identification No.: 54038
1515 Market Street, Suite 1540
Philadelphia, Pennsylvania 19102
(215) 568-0100 - Telephone
(215) 569-0853 - Facsimile
frothermel@brspc.com

Attorney for Plaintiff

| | |
|---|---|
| Estate of David Harper, Deceased, by Administrator James P. McGarrity 1500 John F. Kennedy Blvd. Philadelphia, PA 19107      Plaintiff | COURT OF COMMON PLEAS PHILADELPHIA COUNTY, PA MAJOR JURY TRIAL |
| V. | |
| Nurse Assist, Inc. AND Deer Meadows Rehabilitation Center AND Deer Meadows Operations, LLC AND The Pennsylvania Hospital of the University of Pennsylvania Health System, d/b/a Pennsylvania Hospital      Defendants | OCTOBER TERM, 2018 NO. 1588 |

## CIVIL ACTION - 2P (PRODUCT LIABILITY) & 2M (MEDICAL PROFESSIONAL LIABILITY ACTION)

### PLAINTIFF'S COMPLAINT

Plaintiff, Estate of David Harper, Deceased, by Administrator James P.

McGarrity hereby brings this Complaint for damages against the Defendants, and

avers:

## I.  INTRODUCTION

1.      This is an action for damages relating to the defendant Nurse Assist, Inc.'s respective design, manufacture, sale, marketing, advertising, promotion, and distribution of I.V. Flush Syringes (the "Product") contaminated with Burkholderia Cepacia, a complex of bacteria known to be potentially fatal as occurred here with the death of Plaintiff-decedent, David Harper.

2.      This action is also for claims against Deer Meadows Rehabilitation Center and Deer Meadows Operations, LLC (hereinafter Deer Meadows Rehab) and The Pennsylvania Hospital of the University of Pennsylvania Health System, d/b/a Pennsylvania Hospital (hereinafter Pennsylvania Hospital) for their respective believed negligent use and administration of I.V. Flush Syringes contaminated with Burkholderia Cepacia and/or their failure to timely diagnose and treat Plaintiff-decedent's Burkholderia Cepacia contamination – all of which led to Plaintiff-decedent David Harper's untimely death on October 13, 2018 at age 61.

## II.  JURISDICTION & VENUE

3.      Plaintiff-decedent was born and raised in Philadelphia County, and as detailed below, died here in Philadelphia County due to the respective failures and negligence of the above defendants that occurred here in Philadelphia County, PA.

4.      Defendant Nurse Assist, LLC placed the contaminated I.V. Flush Syringes into the stream of commerce, where they were sold or otherwise delivered to Philadelphia County.

2

Case ID: 181001588

5.     Defendant Deer Meadows Rehab is located in Philadelphia County and all claims raised by Plaintiff-decedent's Estate arise from averred negligent treatment that defendant Deer Meadows Rehab rendered to Plaintiff-decedent here in Philadelphia County.

6.     Defendant Pennsylvania Hospital is located in Philadelphia County and all claims raised by Plaintiff-decedent's Estate arise from averred negligent treatment that defendant Deer Pennsylvania Hospital rendered to Plaintiff-decedent here in Philadelphia County.

## III.  PARTY PLAINTIFF

7.     Plaintiff-decedent David Harper was born and raised in Philadelphia County, and died here in Philadelphia County due to the respective failures and negligence of the above defendants that occurred here in Philadelphia County, PA.

8.     Prior to his death however, Plaintiff-decedent David Harper was residing in Buck County, PA.

9.     Plaintiff James P. McGarrity is the Administrator of the Estate of David Harper, having been so appointed by the Bucks County Register of Wills on October 11, 2018.

10.     Plaintiff-decedent David Harper is survived by his daughter and only heir, Shelby Harper-Hankerson, who lives and is a resident of New York.

## IV.  PARTY DEFENDANTS

11.     Defendant Nurse Assist, LLC is headquartered at 4409 Haltom Road, Haltom City, TX 76117, and at all times relevant hereto undertook the design,

3

manufacture, sale, marketing, advertising, promotion, and distribution of I.V. Flush Syringes (the "Product") which it sold in the public stream of commerce, including Philadelphia County.

12.     At all times material hereto, defendant Nurse Assist, Inc. owned, operated, managed, maintained, controlled, and oversaw the business operations of its facilities, including:  the selection and retention of the company's officers, directors, managers, inspectors and employees;  and the formulation of rules, regulations, policies, and procedures to ensure the safe manufacture, sale, marketing, advertising, promotion, distribution, and recall (if needed) of its I.V. Flush Syringes which it sold in the public stream of commerce, including Philadelphia County.

13.     Defendant Deer Meadows Rehabilitation Center and Deer Meadows Operations, LLC (hereinafter Deer Meadows Rehab) is and was, at all times material hereto, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania conducting business operations from a principal place of business located at 8301 Roosevelt Blvd., Philadelphia, PA 19152.  Plaintiff is asserting a professional liability claim against this defendant.

14.     At all times material hereto, defendant Deer Meadows Rehab owned, operated, managed, maintained, controlled, and oversaw its business operations at 8301 Roosevelt Blvd., Philadelphia, PA 19152, including:  the selection and retention of physicians and rehab personnel; and the formulation of rules, regulations, policies, and procedures to ensure quality care for its patients.

4

Case ID: 181001588

15.     Defendant The Pennsylvania Hospital of the University of Pennsylvania Health System, d/b/a Pennsylvania Hospital (hereinafter Pennsylvania Hospital) is and was, at all times material hereto, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania conducting business operations from a principal place of business located at 800 Spruce Street, Philadelphia, PA 19107. Plaintiff is asserting a professional liability claim against this defendant.

16.     At all times material hereto, defendant Pennsylvania Hospital owned, operated, managed, maintained, controlled, and oversaw its business operations at 800 Spruce Street, Philadelphia, PA  19107, including:  the selection and retention of physicians and personnel; and the formulation of rules, regulations, policies, and procedures to ensure quality care for its patients.

## V.   WRONGFUL DEATH & SURVIVAL ACT CLAIMS

17.     This action is based on the Wrongful Death Act provisions of the Judiciary Act of July 9, 1976, P.L. 586 42 Pa. C.S.A. § 8301 and 5524(2). Plaintiff-decedent Paul Harper was survived by his only child, Shelby Harper Hankerson, whom may be entitled to recover for her father's death and on whose behalf this action is being brought.

18.     Other than this action, at no time during his lifetime did Plaintiff-decedent David harper bring any action against any of the above defendants for the injuries and his premature death as hereinafter set forth, and no other action for his death is being commenced against any of the defendants in this lawsuit.

5

Case ID: 181001588

19.    The death of Plaintiff-decedent David Harper and the damages resulting therefrom were proximately caused by the acts, omissions, and other tortious conduct of the defendants named herein and as more fully described in this Complaint.

20.    As a direct and proximate result of the death of Plaintiff-decedent David harper, his heir has been deprived of future aid, assistance, services, comfort and guidance.

21.    As a further result of the tortious conduct of the above named defendants, Plaintiff-decedent's heir has been caused to expend various sums for hospital, medical, funeral, administration and other expenses for which they are entitled to recover pursuant to the Wrongful Death Act.  The Estate of David Harper hereby brings the claims described more fully below to recover all Wrongful Death damages permitted by law.

22.    This action is also based on the Survival Action provisions of the Judiciary Act of July 9, 1976, P.L. 586, 42 Pa. C.S.A. § 8302 and 5524(2); and the Pennsylvania Probate Estates and Fiduciary Code, Act of June 30, 1972, P.L. 508, 20 Pa. C.S.A. 3373 for all damages suffered by the Estate as the result of the Plaintiff-decedent's death, including the decedent's pain and suffering, inconvenience, loss of life's pleasures, and all other damages described more fully herein and all other items of damage permitted pursuant to this statutory cause of action.

Case ID: 181001588

## FACTUAL BACKGROUND

23.     Defendant Nurse Assist, LLC at all times relevant hereto, undertook the design, manufacture, sale, marketing, advertising, promotion, and distribution of I.V. Flush Syringes (the "Product") which it manufactured and sold for profit and placed into in the stream of commerce for sale to the public, including Philadelphia County.

24.     It is believed and therefore averred, that in 2016, defendant Nurse Assist, Inc. manufactured, sold, and distributed I.V. Flush Syringes that were contaminated with the known, potentially fatal, Burkholderia Cepacia bacteria.

25.     Defendant Nurse Assist, Inc.'s I.V. Flush Syringes were expected to and did reach the usual consumers, handlers, and persons coming into contact with the I.V. Flush Syringes without substantial change in the condition in which it was produced, manufactured, sold, distributed, and marketed by Defendant Nurse Assist, Inc.

26.     It is believed and therefore averred that defendant Nurse Asset, Inc.'s Burkholderia Cepacia contaminated I.V. Flush Syringes were sold, distributed, delivered, or otherwise acquired by defendants Pennsylvania Hospital and/or Deer Meadows Rehab in 2016.

27.     During August, September and up to his untimely death on October 13, 2016, Plaintiff-decedent David Harper was a patient continuously admitted at defendants Pennsylvania Hospital, Deer Meadows Rehab, and then readmitted to Pennsylvania Hospital again on 10/3/2016 where Plaintiff-decedent remained until his untimely death on October 13, 2016.

7

28.     It is believed and therefore averred that prior to Plaintiff-decedent David Harper being administered the contaminated Nurse Assist, Inc. I.V. Flush Syringe(s) that defendant Nurse Assist, Inc. had information in its possession that these I.V. Flushes Syringe(s) were or could be contaminated with Burkholderia Cepacia bacteria – and therefore needed to be urgently recalled.

29.     On October 4, 2016, the United States Food & Drug Administration ("FDA") issued a Class 1 Recall – the most serious type of recall – against Nurse Assist, Inc. The FDA's recall was for all I.V. Flush Syringes *manufactured* by defendant Nurse Assist, Inc. from September 24, 2015 through August 1, 2016, which had been *distributed* to the medical community from February 16, 2016 through September 30, 2016.

30.     Pursuant to the FDA's Class 1 Recall, defendant Nurse Assist, Inc. was required to immediately notify all of its affected customers to "immediately discontinue the use of any affected [I.V. Flush Syringes]."

31.     Again, as noted above, it is believed and therefore averred that prior to the FDA's Class 1 Recall of 10/4/2016, defendant Nurse Assist, Inc. had information in its possession or available to it that certain of its I.V. Flush Syringes being manufactured and distributed in 2015-2016 were in fact contaminated with Burkholderia Cepacia bacteria.

32.     It is believed and therefore averred that during one of Plaintiff-decedent David Harper's continuous admissions in August through October 2016 between defendants Pennsylvania Hospital, Deer Meadows Rehab, and again Pennsylvania

8

Hospital, that Plaintiff-decedent David Harper was injected with or otherwise administered a defendant Nurse Assist I.V. Flush syringe that was contaminated with Burkholderia Cepacia bacteria.

33.     It is also believed and therefore averred that the Nurse Assist I.V. Flush Syringe(s) administered to Plaintiff-decedent David Harper that were contaminated with Burkholderia Cepacia, were from one of the recalled lots manufactured and distributed by Defendant Nurse Assist, Inc.  as identified above.

34.     It is believed and therefore averred that Plaintiff-decedent David Harper became infected with the Burkholderia Cepacia bacteria from defendant Nurse Assist I.V. Flush Syringe(s) during one of these August through October 2016 admissions, and that this infection worsened, progressing to sepsis, septicemia, and ultimately to Plaintiff-decedent David Harper's premature death on October 13, 2016 at defendant Pennsylvania Hospital.

35.     At all relevant times, defendant Nurse Assist, Inc. misrepresented the safety and efficacy of their I.V. Flush Syringes' by, *inter alia*, failing to timely warn that its I.V. Flush Syringes were contaminated by Burkholderia Cepacia bacteria.

36.     At all relevant times, defendants Nurse Assist, Inc., Deer Meadows Rehab, and Pennsylvania Hospital all knew that I.V. Flush syringes contaminated with Burkholderia Cepacia bacteria could cause serious, life-threatening injuries and infections, up to and including death.

9

## COUNT I – STRICT PRODUCTS LIABILITY
<u>PLAINTIFF ESTATE OF DAVID HARPER  v.  DEFENDANT NURSE ASSIST, INC.</u>

37.     Plaintiff incorporates by reference Paragraphs 1 through 30 previously averred as though fully set forth herein.

38.     Defendant Nurse Assist marketed, advertised, labeled and/or otherwise made public misrepresentation(s) of material fact related and/or pertaining to the  safety  and/or efficacy of its I.V. Flush Syringes.

39.     Plaintiff and Plaintiff's physicians justifiably relied upon the above detailed misrepresentations when purchasing and using Defendant Nurse Assist's I.V. Flush Syringes.

40.     A defect existed in Defendant Nurse Assist's  I.V. Flush Syringes at the time defendant parted possession with the I.V. Flush Syringes.   Specifically, its I.V. Flush Syringes were contaminated with Burkholderia Cepacia and the I.V. Flush Syringes's foreseeable risks outweighed its benefits.

41.     At all relevant times, Defendant Nurse Assist's I.V. Flush Syringes were unreasonably dangerous, and it was more dangerous than an ordinary consumer would expect.

42.     Defendant Nurse Assist, Inc., designed, manufactured, tested, advertised, promoted, marketed, sold, and/or distributed its I.V. Flush Syringes which were contaminated with Burkholderia Cepacia, thereby creating an unreasonable risk to the health of consumers and to the Plaintiff in particular, and for which defendant Nurse Assist, Inc,. is strictly liable for the injuries sustained by Plaintiff-decedent.

10

43.    Plaintiff-decedent could not, by the exercise of reasonable care, have discovered the I.V. Flush Syringes's defects herein mentioned and perceived its danger.

44.    By reason of the wrongful conduct of defendant Nurse Assist, Inc., among others, Plaintiff-decedent David Harper sustained serious infections, worsening respiration, severe emotional distress, severe and excruciating physical pain, trauma, anxiety, embarrassment, humiliation, disfigurement, fear, severe mental anguish as the infections worsened to sepsis, septicemia, all other complications attendant to such injuries, and all of which became permanent, irreversible and fatal, and ultimately resulted in Plaintiff-decedent David Harper's tragic and premature death from said injuries.

45.    By reason of the wrongful conduct of defendant Nurse Assist, Inc., among others, Plaintiff-decedent sustained the following damages:

(a)    serious infections, worsening respiration, severe emotional distress, severe and excruciating physical pain, trauma, anxiety, embarrassment, humiliation, disfigurement, fear, severe mental anguish as the infections worsened to sepsis, septicemia, all other complications attendant to such injuries, and all of which became permanent, irreversible and fatal, and ultimately resulted in Plaintiff-decedent David Harper's tragic and premature death from said injuries.

(b)    Plaintiff-decedent David Harper and his Estate expended significant sums of money for medical treatment, surgeries, hospitalizations, prescriptions and attendant services for the above injuries;

11

(c)     past lost wages, earnings, earnings capacity, profits, benefits, and retirement monies;

(d)     loss of future wages, earnings, earnings capacity, profits, benefits, and retirement monies;

(e)     loss of ability to enjoy life's pleasures;

(f)     Plaintiff-decedent David Harper's overall health, strength and vitality were permanently impaired and terminated;

(g)     Plaintiff-decedent David Harper's death was prematurely hastened;

(h)     the reimbursement of all hospital, medical, funeral, burial, and estate administration expenses;

(i)     the value of the services, society, and comfort that he would have given to his family had he lived, including such elements as provision of physical comforts and services, and provision of society and comfort; and

(j)     for all other damages available under the Wrongful Death and Survival Acts of this Commonwealth.

WHEREFORE, Plaintiff James P. McGarrity, Administrator of the Estate of David Harper, brings this action against the above defendant to recover damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs of suit, damages for delay, and such other further relief as is just and proper.

12

## COUNT II – BREACH OF WARRANTY
### PLAINTIFF ESTATE OF DAVID HARPER  v.  DEFENDANT NURSE ASSIST, INC.

46.     Plaintiff incorporates by reference Paragraphs 1 through 39 previously alleged as though fully set forth herein.

47.     At the time Defendant Nurse Assist, Inc., manufactured, marketed, sold, and distributed its I.V. Flush Syringes for use by Plaintiff, Defendant Nurse Assist knew of the use for which I.V. Flush Syringes were intended and impliedly warranted the I.V. Flush Syringes to be of merchantable quality and safe and reasonably fit for such use.

48.     Defendant Nurse Assist, Inc., expressly and impliedly represented and warranted to the users of its I.V. Flush Syringes and their physicians, healthcare providers, and/or the FDA that its I.V. Flush Syringes were safe and of merchantable quality and reasonably fit for the ordinary purpose for which said I.V. Flush Syringes was to be used.

49.     These  representations and warranties were false, misleading, and inaccurate in that its I.V. Flush Syringes were contaminated with Burkholderia Cepacia while being used for its intended purpose, causing injuries to Plaintiff who was a user of its I.V. Flush Syringes.

50.     Plaintiff-decedent David Harper and his physicians and healthcare professionals reasonably relied upon the skill and judgment of Defendant Nurse Assist, Inc., as to whether its  I.V. Flush Syringes were of merchantable quality and safe and fit for its intended use.

13

51.    Defendant Nurse Assist, Inc., placed or otherwise injected its contaminated I.V. Flush Syringes into the stream of commerce in a defective, unsafe, and inherently dangerous condition.

52.    Defendant Nurse Assist, Inc.'s I.V. Flush Syringes were expected to and did reach users, handlers, and persons, including Plaintiff-decedent David Harper, coming into contact with its contaminated I.V. Flush Syringes without substantial change in the condition in which it was sold.

53.    As a result of the aforementioned acts and omissions, Defendant Nurse Assis, Inc. breached its warranties.

54.    By reason of the wrongful conduct of defendant Nurse Assist, Inc., among others, Plaintiff-decedent David Harper sustained serious infections, worsening respiration, severe emotional distress, severe and excruciating physical pain, trauma, anxiety, embarrassment, humiliation, disfigurement, fear, severe mental anguish as the infections worsened to sepsis, septicemia, all other complications attendant to such injuries, and all of which became permanent, irreversible and fatal, and ultimately resulted in Plaintiff-decedent David Harper's tragic and premature death from said injuries.

55.    By reason of the wrongful conduct of defendant Nurse Assist, Inc., among others, Plaintiff-decedent sustained the following damages:

(a)    serious infections, worsening respiration, severe emotional distress, severe and excruciating physical pain, trauma, anxiety, embarrassment, humiliation, disfigurement, fear, severe mental anguish as the infections worsened to

14

sepsis, septicemia, all other complications attendant to such injuries, and all of which became permanent, irreversible and fatal, and ultimately resulted in Plaintiff-decedent David Harper's tragic and premature death from said injuries.

(b)     Plaintiff-decedent David Harper and his Estate expended significant sums of money for medical treatment, surgeries, hospitalizations, prescriptions and attendant services for the above injuries;

(c)     past lost wages, earnings, earnings capacity, profits, benefits, and retirement monies;

(d)     loss of future wages, earnings, earnings capacity, profits, benefits, and retirement monies;

(e)     loss of ability to enjoy life's pleasures;

(f)     Plaintiff-decedent David Harper's overall health, strength and vitality were permanently impaired and terminated;

(g)     Plaintiff-decedent David Harper's death was prematurely hastened;

(h)     the reimbursement of all hospital, medical, funeral, burial, and estate administration expenses;

(i)     the value of the services, society, and comfort that he would have given to his family had he lived, including such elements as provision of physical comforts and services, and provision of society and comfort; and

(j)     for all other damages available under the Wrongful Death and Survival Acts of this Commonwealth.

15

WHEREFORE, Plaintiff James P. McGarrity, Administrator of the Estate of

David Harper, brings this action against the above defendant to recover damages in

an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs of suit,

damages for delay, and such other further relief as is just and proper.

### COUNT III – NEGLIGENCE
### <u>PLAINTIFF ESTATE OF DAVID HARPER v. DEFENDANT NURSE ASSIST, INC.</u>

56.    Plaintiff incorporates by reference Paragraphs 1 through 49 above as

though fully set forth herein.

57.    At all times material hereto, Defendant Nurse Assist, Inc., had a duty to

Plaintiff-decedent Paul Harper to exercise reasonable care in designing,

manufacturing, testing, advertising, promoting, marketing, selling, and/or

distributing its I.V. Flush Syringes into the stream of commerce, including a duty

to ensure that the I.V. Flush Syringes would not cause users to suffer unreasonable,

dangerous side effects including significantly increased risk of infection.

58.    Defendant Nurse Assist, Inc.s' negligence includes, but is not limited to,

the following:

a.    Failing to properly monitor the quality of ingredients used
to manufacture the I.V. Flush syringes so as to prevent
contamination by objectionable microorganisms;

b.    Failing to ensure that the ingredients used to manufacture
the I.V. Flush Syringes were free of objectionable
organisms like Burkholderia Cepacia;

c.    Failing to establish and/or follow policies, procedures
and/or standards in the manufacture of the I.V. Flush
Syringes designed to prevent objectionable
microorganisms in its I.V. Flush Syringes;

16

d.     Failing to design, manufacture, test, validate, label, market and/or distribute safe and effective I.V. Flush Syringes in that the I.V. Flush Syringes were contaminated with Burkholderia Cepacia, which Defendants knew or should have known posed an unreasonable risk of injury or death to end users, including Plaintiff;

e.     Failing to properly test, validate and/or investigate the quality and safety of its I.V. Flush Syringes prior to marketing and sale of same to make sure it was not contaminated with Burkholderia Cepacia;

f.     Failing to protect Plaintiff from known and/or knowable risks associated with the I.V. Flush Syringes in its adulterated form;

g.     Failing to properly design, implement and enforce sufficient post manufacture or post-market monitoring of its I.V. Flush Syringes so as to prevent the I.V. Flush Syringes, in its adulterated form, from reaching end users, like Plaintiff;

h.     Failing to stay informed of and up to date with the existing scientific literature related to the safe and proper design, manufacture, testing, validation, labeling, marketing and/or distribution of its I.V. Flush Syringes;

i.     Failing to appropriately investigate customer reports and complaints of contaminants in its I.V. Flush Syringes prior to its I.V. Flush Syringes reaching end users, including Plaintiff, in its adulterated form;

j.     Failing to take any meaningful steps to determine the root cause of Defendants' own findings of microbial contamination in its I.V. Flush Syringes;

k.     Failing to timely act when Defendant knew or should have known that its I.V. Flush Syringes had been distributed to end users in an adulterated form;

l.     Failing to disclose important material facts related and/or pertaining to the safety of its I.V. Flush Syringes to Plaintiff and/or Plaintiff's medical providers and physicians;

Case ID: 181001588

m.  Failing to disclose that its I.V. Flush Syringes were not safe for use as designed and/or intended when Defendants knew or should have known thereof;

n.  Defendants failed to disclose that its manufacturing instructions for its I.V. Flush Syringes were inadequate;

o.  Failing to disclose or warn that its I.V. Flush Syringes were not safe for use on patients at risk for more severe respiratory and bloodstream infections;

p.  Any other instances of negligence to be determined through the discovery process; and

q.  Any other instances of negligence under the common law and/or applicable statutes, codes and/or regulations.

59.  In addition to the above, Defendant Nurse Assist, Inc., breached its duty to Plaintiff-decedent David Harper by negligently designing, manufacturing, testing, advertising, promoting, marketing, selling, and/or distributing its I.V. Flush Syringes, allowing its I.V. Flush Syringes to become contaminated with Burkholderia Cepacia, and selling and/or distributing the contaminated I.V. Flush Syringes for individual use on patients.

60.  At all relevant times, Defendant Nurse Assist, Inc., knew or should have known that its I.V. Flush Syringes were defective and dangerous, and were likely to be used by Plaintiff and Plaintiff's physicians and caregivers without further inspection for defects.

61.  Despite the I.V. Flush Syringes' defective and dangerous nature, Defendants continued to design, manufacture, test, advertise, promote, market, sell, and/or distribute its I.V. Flush Syringes.

Case ID: 181001588

62. In so doing, Defendant Nurse Assist, Inc., failed to act as a reasonable manufacturer, seller, and/or distributer of its I.V. Flush Syringes in conscious disregard of the foreseeable harm to and rights and safety of consumers like Plaintiff.

63. By reason of the wrongful conduct of defendant Nurse Assist, Inc., among others, Plaintiff-decedent David Harper sustained serious infections, worsening respiration, severe emotional distress, severe and excruciating physical pain, trauma, anxiety, embarrassment, humiliation, disfigurement, fear, severe mental anguish as the infections worsened to sepsis, septicemia, all other complications attendant to such injuries, and all of which became permanent, irreversible and fatal, and ultimately resulted in Plaintiff-decedent David Harper's tragic and premature death from said injuries.

64. By reason of the wrongful conduct of defendant Nurse Assist, Inc., among others, Plaintiff-decedent sustained the following damages:

(a) serious infections, worsening respiration, severe emotional distress, severe and excruciating physical pain, trauma, anxiety, embarrassment, humiliation, disfigurement, fear, severe mental anguish as the infections worsened to sepsis, septicemia, all other complications attendant to such injuries, and all of which became permanent, irreversible and fatal, and ultimately resulted in Plaintiff-decedent David Harper's tragic and premature death from said injuries.

(b) Plaintiff-decedent David Harper and his Estate expended significant sums of money for medical treatment, surgeries, hospitalizations, prescriptions and attendant services for the above injuries;

19

(c)     past lost wages, earnings, earnings capacity, profits, benefits, and retirement monies;

(d)     loss of future wages, earnings, earnings capacity, profits, benefits, and retirement monies;

(e)     loss of ability to enjoy life's pleasures;

(f)     Plaintiff-decedent David Harper's overall health, strength and vitality were permanently impaired and terminated;

(g)     Plaintiff-decedent David Harper's death was prematurely hastened;

(h)     the reimbursement of all hospital, medical, funeral, burial, and estate administration expenses;

(i)     the value of the services, society, and comfort that he would have given to his family had he lived, including such elements as provision of physical comforts and services, and provision of society and comfort; and

(j)     for all other damages available under the Wrongful Death and Survival Acts of this Commonwealth.

WHEREFORE, Plaintiff James P. McGarrity, Administrator of the Estate of David Harper, brings this action against the above defendant to recover damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs of suit, damages for delay, and such other further relief as is just and proper.

Case ID: 181001588

## COUNT IV – NEGLIGENCE
### PLAINTIFF ESTATE OF DAVID HARPER v. DEFENDANT DEER MEADOWS REHAB

65.     Plaintiff hereby incorporates by reference all of the averments contained in the paragraphs above as though fully set forth herein at length.

66.     The injuries to Plaintiff-decedent David Harper and damages which are hereinafter set forth were caused by and were the direct and proximate result of the carelessness and negligence of, among others, defendant Deer Meadows Rehab, acting individually or through its respective agents, ostensible agents, servants and/or employees, in any or all of the following respects:

(a)     in failing to properly diagnose and treat Plaintiff-decedent David Harper's then current medical condition;

(b)     in failing to properly diagnose and treat Plaintiff-decedent David Harper's initial signs and symptoms of infection, and their attendant complications;

(c)     in failing to timely recognize that Plaintiff-decedent David Harper needed additional in-hospital evaluation and medical interventions;

(d)     in failing to properly consider, diagnose, and treat Plaintiff-decedent David Harper's worsening infections and their attendant complications;

(e)     in failing to promptly and properly respond to Plaintiff-decedent David Harper's worsening infections and their attendant complications;

(f)     in failing to properly diagnose and treat Plaintiff-decedent David Harper's deteriorating medical condition;

21

(g)     in failing to timely order appropriate tests, examinations, studies, and consults to better evaluate Plaintiff-decedent David Harper's infections, worsening infections, and deteriorating medical condition;

(h)     in failing to consult with physicians regarding Plaintiff-decedent David Harper's then current medical condition;

(i)     in failing to consult with physicians regarding Plaintiff-decedent David Harper's infections, worsening infections, and deteriorating medical condition,

(j)     in not following Deer Meadows Rehab protocols requiring prompt and appropriate evaluation, treatment and consultation for Plaintiff-decedent David Harper's infections, worsening infections, and deteriorating medical condition;

(k)     in failing to properly follow the appropriate chain of command in the evaluation, treatment and consultation of Plaintiff-decedent David Harper's infections, worsening infections, and deteriorating medical condition; and

(l)     in failing to promptly transfer Plaintiff-decedent David Harper to a hospital for appropriate evaluation, treatment and consultation regarding his infections, worsening infections, and deteriorating medical condition.

67.     By reason of the wrongful conduct of defendant Deer Meadows Rehab, among others, Plaintiff-decedent David Harper sustained serious infections, worsening respiration, severe emotional distress, severe and excruciating physical pain, trauma, anxiety, embarrassment, humiliation, disfigurement, fear, severe mental anguish as the infections worsened to sepsis, septicemia, all other complications

22

attendant to such injuries, and all of which became permanent, irreversible and fatal, and ultimately resulted in Plaintiff-decedent David Harper's tragic and premature death from said injuries.

68.    By reason of the wrongful conduct of defendant Deer Meadows Rehab, among others, Plaintiff-decedent sustained the following damages:

(a)    serious infections, worsening respiration, severe emotional distress, severe and excruciating physical pain, trauma, anxiety, embarrassment, humiliation, disfigurement, fear, severe mental anguish as the infections worsened to sepsis, septicemia, all other complications attendant to such injuries, and all of which became permanent, irreversible and fatal, and ultimately resulted in Plaintiff-decedent David Harper's tragic and premature death from said injuries.

(b)    Plaintiff-decedent David Harper and his Estate expended significant sums of money for medical treatment, surgeries, hospitalizations, prescriptions and attendant services for the above injuries;

(c)    past lost wages, earnings, earnings capacity, profits, benefits, and retirement monies;

(d)    loss of future wages, earnings, earnings capacity, profits, benefits, and retirement monies;

(e)    loss of ability to enjoy life's pleasures;

(f)    Plaintiff-decedent David Harper's overall health, strength and vitality were permanently impaired and terminated;

23

(g)     Plaintiff-decedent David Harper's death was prematurely hastened;

(h)     the reimbursement of all hospital, medical, funeral, burial, and estate administration expenses;

(i)     the value of the services, society, and comfort that he would have given to his family had he lived, including such elements as provision of physical comforts and services, and provision of society and comfort; and

(j)     for all other damages available under the Wrongful Death and Survival Acts of this Commonwealth.

WHEREFORE, Plaintiff James P.  McGarrity, Administrator of the Estate of David Harper, brings this action against the above defendant to recover damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs of suit, damages for delay, and such other further relief as is just and proper.

## COUNT V – NEGLIGENCE
### PLAINTIFF ESTATE OF DAVID HARPER v. DEFENDANT PENNSYLVANIA HOSPITAL

69.     Plaintiff hereby incorporates by reference all of the averments contained in the paragraphs above as though fully set forth herein at length.

70.     The injuries to Plaintiff-decedent David Harper and damages which are hereinafter set forth were caused by and were the direct and proximate result of the carelessness and negligence of, among others, defendant Pennsylvania Hospital,

24

acting individually or through its respective agents, ostensible agents, servants and/or employees, in any or all of the following respects:

      (a)    in failing to properly diagnose and treat Plaintiff-decedent David Harper's then current medical condition;

      (b)    in failing to properly diagnose and treat Plaintiff-decedent David Harper's signs and symptoms of infection, and their attendant complications;

      (c)    in failing to timely recognize that Plaintiff-decedent David Harper needed additional in-hospital evaluations and medical interventions;

      (d)    in failing to properly consider, diagnose, and treat Plaintiff-decedent David Harper's worsening infections and their attendant complications;

      (e)    in failing to promptly and properly respond to Plaintiff-decedent David Harper's worsening infections and their attendant complications;

      (f)    in failing to properly diagnose and treat Plaintiff-decedent David Harper's deteriorating medical condition;

      (g)    in failing to timely order appropriate tests, examinations, studies, and consults to better evaluate Plaintiff-decedent David Harper's infections, worsening infections, and deteriorating medical condition;

      (h)    in failing to timely consult with physicians regarding Plaintiff-decedent David Harper's then current medical condition;

      (i)    in not following defendant Pennsylvania Hospital protocols requiring prompt and appropriate evaluation, treatment and consultation for Plaintiff-

25

decedent David Harper's infections, worsening infections, and deteriorating medical condition; and

   (j) in failing to properly follow the appropriate chain of command in the evaluation, treatment and consultation of Plaintiff-decedent David Harper's infections, worsening infections, and deteriorating medical condition.

  71. By reason of the wrongful conduct of defendant Pennsylvania Hospital, among others, Plaintiff-decedent David Harper sustained serious infections, worsening respiration, severe emotional distress, severe and excruciating physical pain, trauma, anxiety, embarrassment, humiliation, disfigurement, fear, severe mental anguish as the infections worsened to sepsis, septicemia, all other complications attendant to such injuries, and all of which became permanent, irreversible and fatal, and ultimately resulted in Plaintiff-decedent David Harper's tragic and premature death from said injuries.

  72. By reason of the wrongful conduct of defendant Pennsylvania Hospital, among others, Plaintiff-decedent sustained the following damages:

   (a) serious infections, worsening respiration, severe emotional distress, severe and excruciating physical pain, trauma, anxiety, embarrassment, humiliation, disfigurement, fear, severe mental anguish as the infections worsened to sepsis, septicemia, all other complications attendant to such injuries, and all of which became permanent, irreversible and fatal, and ultimately resulted in Plaintiff-decedent David Harper's tragic and premature death from said injuries.

Case ID: 181001588

(b)     Plaintiff-decedent David Harper and his Estate expended significant sums of money for medical treatment, surgeries, hospitalizations, prescriptions and attendant services for the above injuries;

(c)     past lost wages, earnings, earnings capacity, profits, benefits, and retirement monies;

(d)     loss of future wages, earnings, earnings capacity, profits, benefits, and retirement monies;

(e)     loss of ability to enjoy life's pleasures;

(f)     Plaintiff-decedent David Harper's overall health, strength and vitality were permanently impaired and terminated;

(g)     Plaintiff-decedent David Harper's death was prematurely hastened;

(h)     the reimbursement of all hospital, medical, funeral, burial, and estate administration expenses;

(i)     the value of the services, society, and comfort that he would have given to his family had he lived, including such elements as provision of physical comforts and services, and provision of society and comfort; and

(j)     for all other damages available under the Wrongful Death and Survival Acts of this Commonwealth.

WHEREFORE, Plaintiff James P. McGarrity, Administrator of the Estate of David Harper, brings this action against the above defendant to recover damages in

Case ID: 181001588

an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs of suit,

damages for delay, and such other further relief as is just and proper.

Most Respectfully Submitted,

*Bernhardt, Rothermel & Siegel, P.C.*

*Frank A. Rothermel*

**Dated: December 21, 2018**                     **By:** _____

*Frank A. Rothermel, Esquire (#54038)*
*Attorney for Plaintiff*

28

## CERTIFICATE OF SERVICE

I, Frank A. Rothermel, Esquire, attorney for Plaintiffs, hereby certify that on this *21ˢᵗ Day of December 2018* that I caused a true and correct copy of Plaintiff's Civil Action Complaint to be served on the below listed individuals, via electronic mail and/or ecf filing:

Frank A. Gerolamo, Esquire
Daniel J. Divis, Esquire
*Gerolamo, McNulty, Divis & Lewbart*
121 South Broad Street
Suite 1400
Philadelphia, PA 19107
*Attorneys for Defendant, The Pennsylvania Hospital of the Hospital of the Pennsylvania Health System, d/b/a Pennsylvania Hospital*

William J. Mundy, Esquire
Elana D. Schnall, Esquire
*Burns White LLC*
100 Four Falls, Suite 515
1001 Conshohocken State Raod
West Conshohocken, PA 19428
*Attorneys for Defendants, Deer Meadows Rehabilitation Center and Deer Meadows Operations LLC*

Patricia L. Baxter, Esquire
Alysa Talarico, Esquire
*Morgan & Akins, PLLC*
The Graham Building
30 So. 15ᵗʰ Street, Suite 701
Philadelphia, PA 19102
*Attorneys for Defendant, Nurse Assist, Inc.*

*BERNHARDT ROTHERMEL & SIEGEL, P.C.*

*Frank A. Rothermel*

_____

**FRANK A. ROTHERMEL (#54038)**
**Attorney for Plaintiff**

Law Offices
Bernhardt, Rothermel & Siegel, P.C.
By:  Frank A. Rothermel, Esquire
Attorney Identification No.: 54038
1515 Market Street, Suite 1540
Philadelphia, Pennsylvania 19102
(215) 568-0100 - Telephone
(215) 569-0853 - Facsimile
frothermel@brspc.com

Filed and Attested by the
Office of Judicial Records
28 JAN 2019 03:05 pm
M. RUSSO

Attorney for Plaintiff

| | |
|---|---|
| Estate of David Harper, Deceased,<br>by Administrator James P.  McGarrity<br>1500 John F. Kennedy Blvd.<br>Philadelphia, PA 19107<br><br>            Plaintiff<br><br>       V.<br><br>Nurse Assist, Inc.<br>     AND<br>Deer Meadows Rehabilitation Center<br>     AND<br>Deer Meadows Operations, LLC<br>     AND<br>The Pennsylvania Hospital of the University of<br>Pennsylvania Health System, d/b/a Pennsylvania<br>Hospital<br>          Defendants | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br>MAJOR JURY TRIAL<br><br><br><br>OCTOBER TERM, 2018<br>NO. 1588 |

## CIVIL ACTION - 2P (PRODUCT LIABILITY) & 2M (MEDICAL PROFESSIONAL LIABILITY ACTION)

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, Estate of David Harper, Deceased, by Administrator James P.

McGarrity hereby brings this Complaint for damages against the Defendants, and

avers:

## I.  INTRODUCTION

1.      This is an action for damages relating to the defendant Nurse Assist, Inc.'s respective design, manufacture, sale, marketing, advertising, promotion, and distribution of I.V. Flush Syringes (the "Product") contaminated with Burkholderia Cepacia, a complex of bacteria known to be potentially fatal as occurred here with the death of Plaintiff-decedent, David Harper.

2.      This action is also for claims against Deer Meadows Rehabilitation Center and Deer Meadows Operations, LLC (hereinafter Deer Meadows Rehab) and The Pennsylvania Hospital of the University of Pennsylvania Health System, d/b/a Pennsylvania Hospital (hereinafter Pennsylvania Hospital) for their respective believed negligent use and administration of I.V. Flush Syringes contaminated with Burkholderia Cepacia and/or their failure to timely diagnose and treat Plaintiff-decedent's Burkholderia Cepacia contamination – all of which led to Plaintiff-decedent David Harper's untimely death on October 13, 2018 at age 61.

## II.  JURISDICTION & VENUE

3.      Plaintiff-decedent was born and raised in Philadelphia County, and as detailed below, died here in Philadelphia County due to the respective failures and negligence of the above defendants that occurred here in Philadelphia County, PA.

4.      Defendant Nurse Assist, LLC placed the contaminated I.V. Flush Syringes into the stream of commerce, where they were sold or otherwise delivered to Philadelphia County.

2

5.      Defendant Deer Meadows Rehab is located in Philadelphia County and all claims raised by Plaintiff-decedent's Estate arise from averred negligent treatment that defendant Deer Meadows Rehab rendered to Plaintiff-decedent here in Philadelphia County.

6.      Defendant Pennsylvania Hospital is located in Philadelphia County and all claims raised by Plaintiff-decedent's Estate arise from averred negligent treatment that defendant Deer Pennsylvania Hospital rendered to Plaintiff-decedent here in Philadelphia County.

### III.  PARTY PLAINTIFF

7.      Plaintiff-decedent David Harper was born and raised in Philadelphia County, and died here in Philadelphia County due to the respective failures and negligence of the above defendants that occurred here in Philadelphia County, PA.

8.      Prior to his death however, Plaintiff-decedent David Harper was residing in Buck County, PA.

9.      Plaintiff James P. McGarrity is the Administrator of the Estate of David Harper, having been so appointed by the Bucks County Register of Wills on October 11, 2018.

10.     Plaintiff-decedent David Harper is survived by his daughter and only heir, Shelby Harper-Hankerson, who lives and is a resident of New York.

### IV.  PARTY DEFENDANTS

11.     Defendant Nurse Assist, LLC is headquartered at 4409 Haltom Road, Haltom City, TX 76117, and at all times relevant hereto undertook the design,

3

manufacture, sale, marketing, advertising, promotion, and distribution of I.V. Flush Syringes (the "Product") which it sold in the public stream of commerce, including Philadelphia County.

12.     At all times material hereto, defendant Nurse Assist, Inc. owned, operated, managed, maintained, controlled, and oversaw the business operations of its facilities, including:  the selection and retention of the company's officers, directors, managers, inspectors and employees;  and the formulation of rules, regulations, policies, and procedures to ensure the safe manufacture, sale, marketing, advertising, promotion, distribution, and recall (if needed) of its I.V. Flush Syringes which it sold in the public stream of commerce, including Philadelphia County.

13.     Defendant Deer Meadows Rehabilitation Center and Deer Meadows Operations, LLC (hereinafter Deer Meadows Rehab) is and was, at all times material hereto, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania conducting business operations from a principal place of business located at 8301 Roosevelt Blvd., Philadelphia, PA 19152.  Plaintiff is asserting a professional liability claim against this defendant.

14.     At all times material hereto, defendant Deer Meadows Rehab owned, operated, managed, maintained, controlled, and oversaw its business operations at 8301 Roosevelt Blvd., Philadelphia, PA 19152, including:  the selection and retention of physicians and rehab personnel; and the formulation of rules, regulations, policies, and procedures to ensure quality care for its patients.

4

15.    Defendant The Pennsylvania Hospital of the University of Pennsylvania Health System, d/b/a Pennsylvania Hospital (hereinafter Pennsylvania Hospital) is and was, at all times material hereto, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania conducting business operations from a principal place of business located at 800 Spruce Street, Philadelphia, PA 19107. Plaintiff is asserting a professional liability claim against this defendant.

16.    At all times material hereto, defendant Pennsylvania Hospital owned, operated, managed, maintained, controlled, and oversaw its business operations at 800 Spruce Street, Philadelphia, PA 19107, including:  the selection and retention of physicians and personnel; and the formulation of rules, regulations, policies, and procedures to ensure quality care for its patients.

## V.  WRONGFUL DEATH & SURVIVAL ACT CLAIMS

17.    This action is based on the Wrongful Death Act provisions of the Judiciary Act of July 9, 1976, P.L. 586 42 Pa. C.S.A. § 8301 and 5524(2). Plaintiff-decedent Paul Harper was survived by his only child, Shelby Harper Hankerson, whom may be entitled to recover for her father's death and on whose behalf this action is being brought.

18.    Other than this action, at no time during his lifetime did Plaintiff-decedent David harper bring any action against any of the above defendants for the injuries and his premature death as hereinafter set forth, and no other action for his death is being commenced against any of the defendants in this lawsuit.

5

19.     The death of Plaintiff-decedent David Harper and the damages resulting therefrom were proximately caused by the acts, omissions, and other tortious conduct of the defendants named herein and as more fully described in this Complaint.

20.     As a direct and proximate result of the death of Plaintiff-decedent David harper, his heir has been deprived of future aid, assistance, services, comfort and guidance.

21.     As a further result of the tortious conduct of the above named defendants, Plaintiff-decedent's heir has been caused to expend various sums for hospital, medical, funeral, administration and other expenses for which they are entitled to recover pursuant to the Wrongful Death Act. The Estate of David Harper hereby brings the claims described more fully below to recover all Wrongful Death damages permitted by law.

22.     This action is also based on the Survival Action provisions of the Judiciary Act of July 9, 1976, P.L. 586, 42 Pa. C.S.A. § 8302 and 5524(2); and the Pennsylvania Probate Estates and Fiduciary Code, Act of June 30, 1972, P.L. 508, 20 Pa. C.S.A. 3373 for all damages suffered by the Estate as the result of the Plaintiff-decedent's death, including the decedent's pain and suffering, inconvenience, loss of life's pleasures, and all other damages described more fully herein and all other items of damage permitted pursuant to this statutory cause of action.

6

## FACTUAL BACKGROUND

23.     Defendant Nurse Assist, LLC at all times relevant hereto, undertook the design, manufacture, sale, marketing, advertising, promotion, and distribution of I.V. Flush Syringes (the "Product") which it manufactured and sold for profit and placed into in the stream of commerce for sale to the public, including Philadelphia County.

24.     It is believed and therefore averred, that in 2016, defendant Nurse Assist, Inc. manufactured, sold, and distributed I.V. Flush Syringes that were contaminated with the known, potentially fatal, Burkholderia Cepacia bacteria.

25.     Defendant Nurse Assist, Inc.'s I.V. Flush Syringes were expected to and did reach the usual consumers, handlers, and persons coming into contact with the I.V. Flush Syringes without substantial change in the condition in which it was produced, manufactured, sold, distributed, and marketed by Defendant Nurse Assist, Inc.

26.     It is believed and therefore averred that defendant Nurse Asset, Inc.'s Burkholderia Cepacia contaminated I.V. Flush Syringes were sold, distributed, delivered, or otherwise acquired by defendants Pennsylvania Hospital and/or Deer Meadows Rehab in 2016.

27.     During August, September and up to his untimely death on October 13, 2016, Plaintiff-decedent David Harper was a patient continuously admitted at defendants Pennsylvania Hospital, Deer Meadows Rehab, and then readmitted to Pennsylvania Hospital again on 10/3/2016 where Plaintiff-decedent remained until his untimely death on October 13, 2016.

7

28.     It is believed and therefore averred that prior to Plaintiff-decedent David Harper being administered the contaminated Nurse Assist, Inc. I.V. Flush Syringe(s) that defendant Nurse Assist, Inc. had information in its possession that these I.V. Flushes Syringe(s) were or could be contaminated with Burkholderia Cepacia bacteria – and therefore needed to be urgently recalled.

29.     On October 4, 2016, the United States Food & Drug Administration ("FDA") issued a Class 1 Recall – the most serious type of recall – against Nurse Assist, Inc. The FDA's recall was for all I.V. Flush Syringes *manufactured* by defendant Nurse Assist, Inc. from September 24, 2015 through August 1, 2016, which had been *distributed* to the medical community from February 16, 2016 through September 30, 2016.

30.     Pursuant to the FDA's Class 1 Recall, defendant Nurse Assist, Inc. was required to immediately notify all of its affected customers to "immediately discontinue the use of any affected [I.V. Flush Syringes]."

31.     Again, as noted above, it is believed and therefore averred that prior to the FDA's Class 1 Recall of 10/4/2016, defendant Nurse Assist, Inc. had information in its possession or available to it that certain of its I.V. Flush Syringes being manufactured and distributed in 2015-2016 were in fact contaminated with Burkholderia Cepacia bacteria.

32.     It is believed and therefore averred that during one of Plaintiff-decedent David Harper's continuous admissions in August through October 2016 between defendants Pennsylvania Hospital, Deer Meadows Rehab, and again Pennsylvania

8

Hospital, that Plaintiff-decedent David Harper was injected with or otherwise administered a defendant Nurse Assist I.V. Flush syringe that was contaminated with Burkholderia Cepacia bacteria.

33.  It is also believed and therefore averred that the Nurse Assist I.V. Flush Syringe(s) administered to Plaintiff-decedent David Harper that were contaminated with Burkholderia Cepacia, were from one of the recalled lots manufactured and distributed by Defendant Nurse Assist, Inc. as identified above.

34.  It is believed and therefore averred that Plaintiff-decedent David Harper became infected with the Burkholderia Cepacia bacteria from defendant Nurse Assist I.V. Flush Syringe(s) during one of these August through October 2016 admissions, and that this infection worsened, progressing to sepsis, septicemia, and ultimately to Plaintiff-decedent David Harper's premature death on October 13, 2016 at defendant Pennsylvania Hospital.

35.  At all relevant times, defendant Nurse Assist, Inc. misrepresented the safety and efficacy of their I.V. Flush Syringes' by, *inter alia*, failing to timely warn that its I.V. Flush Syringes were contaminated by Burkholderia Cepacia bacteria.

36.  At all relevant times, defendants Nurse Assist, Inc., Deer Meadows Rehab, and Pennsylvania Hospital all knew that I.V. Flush syringes contaminated with Burkholderia Cepacia bacteria could cause serious, life-threatening injuries and infections, up to and including death.

9

## COUNT I – STRICT PRODUCTS LIABILITY
## PLAINTIFF ESTATE OF DAVID HARPER v. DEFENDANT NURSE ASSIST, INC.

37.   Plaintiff incorporates by reference Paragraphs 1 through 30 previously averred as though fully set forth herein.

38.   Defendant Nurse Assist marketed, advertised, labeled and/or otherwise made public misrepresentation(s) of material fact related and/or pertaining to the safety and/or efficacy of its I.V. Flush Syringes.

39.   Plaintiff and Plaintiff's physicians justifiably relied upon the above detailed misrepresentations when purchasing and using Defendant Nurse Assist's I.V. Flush Syringes.

40.   A defect existed in Defendant Nurse Assist's I.V. Flush Syringes at the time defendant parted possession with the I.V. Flush Syringes.   Specifically, its I.V. Flush Syringes were contaminated with Burkholderia Cepacia and the I.V. Flush Syringes's foreseeable risks outweighed its benefits.

41.   At all relevant times, Defendant Nurse Assist's I.V. Flush Syringes were unreasonably dangerous, and it was more dangerous than an ordinary consumer would expect.

42.   Defendant Nurse Assist, Inc., designed, manufactured, tested, advertised, promoted, marketed, sold, and/or distributed its I.V. Flush Syringes which were contaminated with Burkholderia Cepacia, thereby creating an unreasonable risk to the health of consumers and to the Plaintiff in particular, and for which defendant Nurse Assist, Inc,. is strictly liable for the injuries sustained by Plaintiff-decedent.

10

43.     Plaintiff-decedent could not, by the exercise of reasonable care, have discovered the I.V. Flush Syringes's defects herein mentioned and perceived its danger.

44.     By reason of the wrongful conduct of defendant Nurse Assist, Inc., among others, Plaintiff-decedent David Harper sustained serious infections, worsening respiration, severe emotional distress, severe and excruciating physical pain, trauma, anxiety, embarrassment, humiliation, disfigurement, fear, severe mental anguish as the infections worsened to sepsis, septicemia, all other complications attendant to such injuries, and all of which became permanent, irreversible and fatal, and ultimately resulted in Plaintiff-decedent David Harper's tragic and premature death from said injuries.

45.     By reason of the wrongful conduct of defendant Nurse Assist, Inc., among others, Plaintiff-decedent sustained the following damages:

(a)     serious infections, worsening respiration, severe emotional distress, severe and excruciating physical pain, trauma, anxiety, embarrassment, humiliation, disfigurement, fear, severe mental anguish as the infections worsened to sepsis, septicemia, all other complications attendant to such injuries, and all of which became permanent, irreversible and fatal, and ultimately resulted in Plaintiff-decedent David Harper's tragic and premature death from said injuries.

(b) · Plaintiff-decedent David Harper and his Estate expended significant sums of money for medical treatment, surgeries, hospitalizations, prescriptions and attendant services for the above injuries;

11

Case ID: 181001588

      (c)     past lost wages, earnings, earnings capacity, profits, benefits, and retirement monies;

      (d)     loss of future wages, earnings, earnings capacity, profits, benefits, and retirement monies;

      (e)     loss of ability to enjoy life's pleasures;

      (f)     Plaintiff-decedent David Harper's overall health, strength and vitality were permanently impaired and terminated;

      (g)     Plaintiff-decedent David Harper's death was prematurely hastened;

      (h)     the reimbursement of all hospital, medical, funeral, burial, and estate administration expenses;

      (i)     the value of the services, society, and comfort that he would have given to his family had he lived, including such elements as provision of physical comforts and services, and provision of society and comfort; and

      (j)     for all other damages available under the Wrongful Death and Survival Acts of this Commonwealth.

      WHEREFORE, Plaintiff James P. McGarrity, Administrator of the Estate of David Harper, brings this action against the above defendant to recover damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs of suit, damages for delay, and such other further relief as is just and proper.

Case ID: 181001588

COUNT II – BREACH OF WARRANTY
PLAINTIFF ESTATE OF DAVID HARPER  v.  DEFENDANT NURSE ASSIST, INC.

46.     Plaintiff incorporates by reference Paragraphs 1 through 39 previously alleged as though fully set forth herein.

47.     At the time Defendant Nurse Assist, Inc., manufactured, marketed, sold, and distributed its I.V. Flush Syringes for use by Plaintiff, Defendant Nurse Assist knew of the use for which I.V. Flush Syringes were intended and impliedly warranted the I.V. Flush Syringes to be of merchantable quality and safe and reasonably fit for such use.

48.     Defendant Nurse Assist, Inc., expressly and impliedly represented and warranted to the users of its I.V. Flush Syringes and their physicians, healthcare providers, and/or the FDA that its I.V. Flush Syringes were safe and of merchantable quality and reasonably fit for the ordinary purpose for which said I.V. Flush Syringes was to be used.

49.     These representations and warranties were false, misleading, and inaccurate in that its I.V. Flush Syringes were contaminated with Burkholderia Cepacia while being used for its intended purpose, causing injuries to Plaintiff who was a user of its I.V. Flush Syringes.

50.     Plaintiff-decedent David Harper and his physicians and healthcare professionals reasonably relied upon the skill and judgment of Defendant Nurse Assist, Inc., as to whether its I.V. Flush Syringes were of merchantable quality and safe and fit for its intended use.

13

51.     Defendant Nurse Assist, Inc., placed or otherwise injected its contaminated I.V. Flush Syringes into the stream of commerce in a defective, unsafe, and inherently dangerous condition.

52.     Defendant Nurse Assist, Inc.'s I.V. Flush Syringes were expected to and did reach users, handlers, and persons, including Plaintiff-decedent David Harper, coming into contact with its contaminated I.V. Flush Syringes without substantial change in the condition in which it was sold.

53.     As a result of the aforementioned acts and omissions, Defendant Nurse Assis, Inc. breached its warranties.

54.     By reason of the wrongful conduct of defendant Nurse Assist, Inc., among others, Plaintiff-decedent David Harper sustained serious infections, worsening respiration, severe emotional distress, severe and excruciating physical pain, trauma, anxiety, embarrassment, humiliation, disfigurement, fear, severe mental anguish as the infections worsened to sepsis, septicemia, all other complications attendant to such injuries, and all of which became permanent, irreversible and fatal, and ultimately resulted in Plaintiff-decedent David Harper's tragic and premature death from said injuries.

55.     By reason of the wrongful conduct of defendant Nurse Assist, Inc., among others, Plaintiff-decedent sustained the following damages:

(a)     serious infections, worsening respiration, severe emotional distress, severe and excruciating physical pain, trauma, anxiety, embarrassment, humiliation, disfigurement, fear, severe mental anguish as the infections worsened to

14

sepsis, septicemia, all other complications attendant to such injuries, and all of which became permanent, irreversible and fatal, and ultimately resulted in Plaintiff-decedent David Harper's tragic and premature death from said injuries.

(b)     Plaintiff-decedent David Harper and his Estate expended significant sums of money for medical treatment, surgeries, hospitalizations, prescriptions and attendant services for the above injuries;

(c)     past lost wages, earnings, earnings capacity, profits, benefits, and retirement monies;

(d)     loss of future wages, earnings, earnings capacity, profits, benefits, and retirement monies;

(e)     loss of ability to enjoy life's pleasures;

(f)     Plaintiff-decedent David Harper's overall health, strength and vitality were permanently impaired and terminated;

(g)     Plaintiff-decedent David Harper's death was prematurely hastened;

(h)     the reimbursement of all hospital, medical, funeral, burial, and estate administration expenses;

(i)     the value of the services, society, and comfort that he would have given to his family had he lived, including such elements as provision of physical comforts and services, and provision of society and comfort; and

(j)     for all other damages available under the Wrongful Death and Survival Acts of this Commonwealth.

15

WHEREFORE, Plaintiff James P. McGarrity, Administrator of the Estate of David Harper, brings this action against the above defendant to recover damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs of suit, damages for delay, and such other further relief as is just and proper.

COUNT III -- NEGLIGENCE
__PLAINTIFF ESTATE OF DAVID HARPER  v.  DEFENDANT NURSE ASSIST, INC.__

56.     Plaintiff incorporates by reference Paragraphs 1 through 49 above as though fully set forth herein.

57.     At all times material hereto, Defendant Nurse Assist, Inc., had a duty to Plaintiff-decedent Paul Harper to exercise reasonable care in designing, manufacturing, testing, advertising, promoting, marketing, selling, and/or distributing its I.V. Flush Syringes into the stream of commerce, including a duty to ensure that the I.V. Flush Syringes would not cause users to suffer unreasonable, dangerous side effects including significantly increased risk of infection.

58.     Defendant Nurse Assist, Inc.s' negligence includes, but is not limited to, the following:

a.     Failing to properly monitor the quality of ingredients used to manufacture the I.V. Flush syringes so as to prevent contamination by objectionable microorganisms;

b.     Failing to ensure that the ingredients used to manufacture the I.V. Flush Syringes were free of objectionable organisms like Burkholderia Cepacia;

c.     Failing to establish and/or follow policies, procedures and/or standards in the manufacture of the I.V. Flush Syringes designed to prevent objectionable microorganisms in its I.V. Flush Syringes;

Case ID: 181001588

d.  Failing to design, manufacture, test, validate, label, market and/or distribute safe and effective I.V. Flush Syringes in that the I.V. Flush Syringes were contaminated with Burkholderia Cepacia, which Defendants knew or should have known posed an unreasonable risk of injury or death to end users, including Plaintiff;

e.  Failing to properly test, validate and/or investigate the quality and safety of its I.V. Flush Syringes prior to marketing and sale of same to make sure it was not contaminated with Burkholderia Cepacia;

f.  Failing to protect Plaintiff from known and/or knowable risks associated with the I.V. Flush Syringes in its adulterated form;

g.  Failing to properly design, implement and enforce sufficient post manufacture or post-market monitoring of its I.V. Flush Syringes so as to prevent the I.V. Flush Syringes, in its adulterated form, from reaching end users, like Plaintiff;

h.  Failing to stay informed of and up to date with the existing scientific literature related to the safe and proper design, manufacture, testing, validation, labeling, marketing and/or distribution of its I.V. Flush Syringes;

i.  Failing to appropriately investigate customer reports and complaints of contaminants in its I.V. Flush Syringes prior to its I.V. Flush Syringes reaching end users, including Plaintiff, in its adulterated form;

j.  Failing to take any meaningful steps to determine the root cause of Defendants' own findings of microbial contamination in its I.V. Flush Syringes;

k.  Failing to timely act when Defendant knew or should have known that its I.V. Flush Syringes had been distributed to end users in an adulterated form;

l.  Failing to disclose important material facts related and/or pertaining to the safety of its I.V. Flush Syringes to Plaintiff and/or Plaintiff's medical providers and physicians;

17

m.    Failing to disclose that its I.V. Flush Syringes were not safe for use as designed and/or intended when Defendants knew or should have known thereof;

n.    Defendants failed to disclose that its manufacturing instructions for its I.V. Flush Syringes were inadequate;

o.    Failing to disclose or warn that its I.V. Flush Syringes were not safe for use on patients at risk for more severe respiratory and bloodstream infections; and

p.    Any other instances of negligence under the common law and/or applicable statutes, codes and/or regulations.

59.    In addition to the above, Defendant Nurse Assist, Inc., breached its duty to Plaintiff-decedent David Harper by negligently designing, manufacturing, testing, advertising, promoting, marketing, selling, and/or distributing its I.V. Flush Syringes, allowing its I.V. Flush Syringes to become contaminated with Burkholderia Cepacia, and selling and/or distributing the contaminated I.V. Flush Syringes for individual use on patients.

60.    At all relevant times, Defendant Nurse Assist, Inc., knew or should have known that its I.V. Flush Syringes were defective and dangerous, and were likely to be used by Plaintiff and Plaintiff's physicians and caregivers without further inspection for defects.

61.    Despite the I.V. Flush Syringes' defective and dangerous nature, Defendants continued to design, manufacture, test, advertise, promote, market, sell, and/or distribute its I.V. Flush Syringes.

18

62.     In so doing, Defendant Nurse Assist, Inc., failed to act as a reasonable manufacturer, seller, and/or distributer of its I.V. Flush Syringes in conscious disregard of the foreseeable harm to and rights and safety of consumers like Plaintiff.

63.     By reason of the wrongful conduct of defendant Nurse Assist, Inc., among others, Plaintiff-decedent David Harper sustained serious infections, worsening respiration, severe emotional distress, severe and excruciating physical pain, trauma, anxiety, embarrassment, humiliation, disfigurement, fear, severe mental anguish as the infections worsened to sepsis, septicemia, all other complications attendant to such injuries, and all of which became permanent, irreversible and fatal, and ultimately resulted in Plaintiff-decedent David Harper's tragic and premature death from said injuries.

64.     By reason of the wrongful conduct of defendant Nurse Assist, Inc., among others, Plaintiff-decedent sustained the following damages:

(a)     serious infections, worsening respiration, severe emotional distress, severe and excruciating physical pain, trauma, anxiety, embarrassment, humiliation, disfigurement, fear, severe mental anguish as the infections worsened to sepsis, septicemia, all other complications attendant to such injuries, and all of which became permanent, irreversible and fatal, and ultimately resulted in Plaintiff-decedent David Harper's tragic and premature death from said injuries.

(b)     Plaintiff-decedent David Harper and his Estate expended significant sums of money for medical treatment, surgeries, hospitalizations, prescriptions and attendant services for the above injuries;

19

Case ID: 181001588

      (c)     past lost wages, earnings, earnings capacity, profits, benefits, and retirement monies;

      (d)     loss of future wages, earnings, earnings capacity, profits, benefits, and retirement monies;

      (e)     loss of ability to enjoy life's pleasures;

      (f)     Plaintiff-decedent David Harper's overall health, strength and vitality were permanently impaired and terminated;

      (g)     Plaintiff-decedent David Harper's death was prematurely hastened;

      (h)     the reimbursement of all hospital, medical, funeral, burial, and estate administration expenses;

      (i)     the value of the services, society, and comfort that he would have given to his family had he lived, including such elements as provision of physical comforts and services, and provision of society and comfort; and

      (j)     for all other damages available under the Wrongful Death and Survival Acts of this Commonwealth.

WHEREFORE, Plaintiff James P. McGarrity, Administrator of the Estate of David Harper, brings this action against the above defendant to recover damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs of suit, damages for delay, and such other further relief as is just and proper.

Case ID: 181001588

## COUNT IV – NEGLIGENCE
### PLAINTIFF ESTATE OF DAVID HARPER v. DEFENDANT DEER MEADOWS REHAB

65.     Plaintiff hereby incorporates by reference all of the averments contained in the paragraphs above as though fully set forth herein at length.

66.     The injuries to Plaintiff-decedent David Harper and damages which are hereinafter set forth were caused by and were the direct and proximate result of the carelessness and negligence of, among others, defendant Deer Meadows Rehab, acting individually or through its respective agents, ostensible agents, servants and/or employees, in any or all of the following respects:

       (a)     in failing to properly diagnose and treat Plaintiff-decedent David Harper's then current medical condition;

       (b)     in failing to properly diagnose and treat Plaintiff-decedent David Harper's initial signs and symptoms of infection, and their attendant complications;

       (c)     in failing to timely recognize that Plaintiff-decedent David Harper needed additional in-hospital evaluation and medical interventions;

       (d)     in failing to properly consider, diagnose, and treat Plaintiff-decedent David Harper's worsening infections and their attendant complications;

       (e)     in failing to promptly and properly respond to Plaintiff-decedent David Harper's worsening infections and their attendant complications;

       (f)     in failing to properly diagnose and treat Plaintiff-decedent David Harper's deteriorating medical condition;

Case ID: 181001588

(g)     in failing to timely order appropriate tests, examinations, studies, and consults to better evaluate Plaintiff-decedent David Harper's infections, worsening infections, and deteriorating medical condition;

(h)     in failing to consult with physicians regarding Plaintiff-decedent David Harper's then current medical condition;

(i)     in failing to consult with physicians regarding Plaintiff-decedent David Harper's infections, worsening infections, and deteriorating medical condition;

(j)     in not following Deer Meadows Rehab protocols requiring prompt and appropriate evaluation, treatment and consultation for Plaintiff-decedent David Harper's infections, worsening infections, and deteriorating medical condition;

(k)     in failing to properly follow the appropriate chain of command in the evaluation, treatment and consultation of Plaintiff-decedent David Harper's infections, worsening infections, and deteriorating medical condition; and

(l)     in failing to promptly transfer Plaintiff-decedent David Harper to a hospital for appropriate evaluation, treatment and consultation regarding his infections, worsening infections, and deteriorating medical condition.

67.   By reason of the wrongful conduct of defendant Deer Meadows Rehab, among others, Plaintiff-decedent David Harper sustained serious infections, worsening respiration, severe emotional distress, severe and excruciating physical pain, trauma, anxiety, embarrassment, humiliation, disfigurement, fear, severe mental anguish as the infections worsened to sepsis, septicemia, all other complications attendant to such injuries, and all of which became permanent, irreversible and fatal,

22

and ultimately resulted in Plaintiff-decedent David Harper's tragic and premature death from said injuries.

68.     By reason of the wrongful conduct of defendant Deer Meadows Rehab, among others, Plaintiff-decedent sustained the following damages:

(a)     serious infections, worsening respiration, severe emotional distress, severe and excruciating physical pain, trauma, anxiety, embarrassment, humiliation, disfigurement, fear, severe mental anguish as the infections worsened to sepsis, septicemia, all other complications attendant to such injuries, and all of which became permanent, irreversible and fatal, and ultimately resulted in Plaintiff-decedent David Harper's tragic and premature death from said injuries.

(b)     Plaintiff-decedent David Harper and his Estate expended significant sums of money for medical treatment, surgeries, hospitalizations, prescriptions and attendant services for the above injuries;

(c)     past lost wages, earnings, earnings capacity, profits, benefits, and retirement monies;

(d)     loss of future wages, earnings, earnings capacity, profits, benefits, and retirement monies;

(e)     loss of ability to enjoy life's pleasures;

(f)     Plaintiff-decedent David Harper's overall health, strength and vitality were permanently impaired and terminated;

(g)     Plaintiff-decedent David Harper's death was prematurely hastened;

23

(h)     the reimbursement of all hospital, medical, funeral, burial, and estate administration expenses;

(i)     the value of the services, society, and comfort that he would have given to his family had he lived, including such elements as provision of physical comforts and services, and provision of society and comfort; and

(j)     for all other damages available under the Wrongful Death and Survival Acts of this Commonwealth.

WHEREFORE, Plaintiff James P. McGarrity, Administrator of the Estate of David Harper, brings this action against the above defendant to recover damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs of suit, damages for delay, and such other further relief as is just and proper.


## COUNT V – NEGLIGENCE
### PLAINTIFF ESTATE OF DAVID HARPER v. DEFENDANT PENNSYLVANIA HOSPITAL

69.     Plaintiff hereby incorporates by reference all of the averments contained in the paragraphs above as though fully set forth herein at length.

70.     The injuries to Plaintiff-decedent David Harper and damages which are hereinafter set forth were caused by and were the direct and proximate result of the carelessness and negligence of, among others, defendant Pennsylvania Hospital, acting individually or through its respective agents, ostensible agents, servants and/or employees, in any or all of the following respects:

Case ID: 181001588

(a)    in failing to properly diagnose and treat Plaintiff-decedent David Harper's then current medical condition;

(b)    in failing to properly diagnose and treat Plaintiff-decedent David Harper's signs and symptoms of infection, and their attendant complications;

(c)    in failing to timely recognize that Plaintiff-decedent David Harper needed additional in-hospital evaluations and medical interventions;

(d)    in failing to properly consider, diagnose, and treat Plaintiff-decedent David Harper's worsening infections and their attendant complications;

(e)    in failing to promptly and properly respond to Plaintiff-decedent David Harper's  worsening infections and their attendant complications;

(f)    in failing to properly diagnose and treat Plaintiff-decedent David Harper's  deteriorating medical condition;

(g)    in failing to timely order appropriate tests, examinations, studies, and consults to better evaluate Plaintiff-decedent David Harper's infections, worsening infections, and deteriorating medical condition;

(h)    in failing to timely consult with physicians regarding Plaintiff-decedent David Harper's then current medical condition;

(i)    in not following defendant Pennsylvania Hospital protocols requiring prompt and appropriate evaluation, treatment and consultation for Plaintiff-decedent David Harper's infections, worsening infections, and deteriorating medical condition; and

25

      (j)     in failing to properly follow the appropriate chain of command in the evaluation, treatment and consultation of Plaintiff-decedent David Harper's infections, worsening infections, and deteriorating medical condition.

71.    By reason of the wrongful conduct of defendant Pennsylvania Hospital, among others, Plaintiff-decedent David Harper sustained serious infections, worsening respiration, severe emotional distress, severe and excruciating physical pain, trauma, anxiety, embarrassment, humiliation, disfigurement, fear, severe mental anguish as the infections worsened to sepsis, septicemia, all other complications attendant to such injuries, and all of which became permanent, irreversible and fatal, and ultimately resulted in Plaintiff-decedent David Harper's tragic and premature death from said injuries.

72.    By reason of the wrongful conduct of defendant Pennsylvania Hospital, among others, Plaintiff-decedent sustained the following damages:

      (a)    serious infections, worsening respiration, severe emotional distress, severe and excruciating physical pain, trauma, anxiety, embarrassment, humiliation, disfigurement, fear, severe mental anguish as the infections worsened to sepsis, septicemia, all other complications attendant to such injuries, and all of which became permanent, irreversible and fatal, and ultimately resulted in Plaintiff-decedent David Harper's tragic and premature death from said injuries.

      (b)    Plaintiff-decedent David Harper and his Estate expended significant sums of money for medical treatment, surgeries, hospitalizations, prescriptions and attendant services for the above injuries;

(c) past lost wages, earnings, earnings capacity, profits, benefits, and retirement monies;

(d) loss of future wages, earnings, earnings capacity, profits, benefits, and retirement monies;

(e) loss of ability to enjoy life's pleasures;

(f) Plaintiff-decedent David Harper's overall health, strength and vitality were permanently impaired and terminated;

(g) Plaintiff-decedent David Harper's death was prematurely hastened;

(h) the reimbursement of all hospital, medical, funeral, burial, and estate administration expenses;

(i) the value of the services, society, and comfort that he would have given to his family had he lived, including such elements as provision of physical comforts and services, and provision of society and comfort; and

(j) for all other damages available under the Wrongful Death and Survival Acts of this Commonwealth.

WHEREFORE, Plaintiff James P. McGarrity, Administrator of the Estate of David Harper, brings this action against the above defendant to recover damages in

Case ID: 181001588

an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs of suit, damages for delay, and such other further relief as is just and proper.

Most Respectfully Submitted,

*Bernhardt, Rothermel & Siegel, P.C.*

Dated: January 28, 2019               By:  *Frank A. Rothermel*

_____

*Frank A. Rothermel, Esquire (#54038)*
*Attorney for Plaintiff*

28

## CERTIFICATE OF SERVICE

I, Frank A. Rothermel, Esquire, attorney for Plaintiffs, hereby certify that on this *28th Day of January, 2019,* that I caused a true and correct copy of Plaintiff's First Amended Civil Action Complaint to be served on the below listed individuals, via electronic mail and/or ecf filing:

Frank A. Gerolamo, Esquire
Daniel J. Divis, Esquire
*Gerolamo, McNulty, Divis & Lewbart*
121 South Broad Street
Suite 1400
Philadelphia, PA 19107
*Attorneys for Defendant, The Pennsylvania Hospital of the Hospital of the Pennsylvania Health System, d/b/a Pennsylvania Hospital*

William J. Mundy, Esquire
Elana D. Schnall, Esquire
*Burns White LLC*
100 Four Falls, Suite 515
1001 Conshohocken State Raod
West Conshohocken, PA 19428
*Attorneys for Defendants, Deer Meadows Rehabilitation Center and Deer Meadows Operations LLC*

Patricia L. Baxter, Esquire
Alysa Talarico, Esquire
*Morgan & Akins, PLLC*
The Graham Building
30 So. 15th Street, Suite 701
Philadelphia, PA 19102
*Attorneys for Defendant, Nurse Assist, Inc.*

*BERNHARDT ROTHERMEL & SIEGEL, P.C.*

*Frank A. Rothermel*
_____
**FRANK A. ROTHERMEL (#54038)**
**Attorney for Plaintiff**

# EXHIBIT B

**FILED**
09 JAN 2019 02:26 pm
**Civil Administration**
B. KOCH

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATE OF DAVID HARPER, DECEASED BY BY AND THROUGH THE ESTATE'S Administrator, James P. McGarrity<br><br>                              Plaintiff,<br><br>          v.<br><br>Nurse Assist, Inc.<br>          AND<br>Deer Meadows Rehabilitation Center<br>          AND<br>Deer Meadows Operations, LLC<br>          AND<br>The Pennsylvania Hospital of the University of Pennsylvania Health System, d/b/a Pennsylvania Hospital<br><br>                          Defendants | IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY<br><br><br>NO. 181001588<br><br>OCTOBER TERM, 2018 |

## CASE MANAGEMENT CONFERENCE MEMORANDUM
## PART A
### (To be completed in Personal Injury Cases)

**Filing Party:** James P. McGarrity, Administrator of the Estate of David Harper, Deceased

**By:** Frank A. Rothermel, Esquire

**Counsel's Address:**      1515 Market Street, Suite 1540, Philadelphia, PA 19102
                          (215) 568-0100

1.     Date of Accident or Occurrence:       August 2016 - October 13, 2016.

          1(a).   Age of Plaintiff(s):        David Harper, Deceased
                                      (61 years of age at time of Death)
                                        DOB: 07/08/1955; DOD: 10/13/2016

2.     Most serious injuries sustained: Burkholderia Cepacia, severe mental anguish, sepsis, septicemia and death.

3.     Is there any permanent injury claimed:

                <u>  XX  </u>  Yes                       <u>      </u>  No

If yes, indicate the type of permanent injury: Untimely Death

4.     **Dates of Medical Treatment:**    August 2016 - October 13, 2016

5.     **Is Medical Treatment Continuing:**

          _____ Yes           **XX**\_\_\_\_\_ No

7.     **Has there been any surgery?**

          _____ Yes           **XX**\_\_\_\_\_ No

     If yes, indicate the type of surgery:

8.     **Approximate medical bills to date:**    TBD

     **Approximate medical bills recoverable in this case:** TBD

9.     **Time lost from work:** This answer is in the nature of an expert analysis. Plaintiff has not determined which expert he will introduce at the time of trial of this matter.  Once that determination has been made, this answer will be supplemented in accordance with the applicable Pennsylvania Rules of Civil Procedure and the pending Case Management Order issued in this matter.

10.    **Approximate past lost wages:** This answer is in the nature of an expert analysis.  Plaintiff has not determined which expert he will introduce at the time of trial of this matter.  Once that determination has been made, this answer will be supplemented in accordance with the applicable Pennsylvania Rules of Civil Procedure and the pending Case Management Order issued in this matter.

11.    **Approximate future earning capacity:** This answer is in the nature of an expert analysis.  Plaintiff has not determined which expert he will introduce at the time of trial of this matter.  Once that determination has been made, this answer will be supplemented in accordance with the applicable Pennsylvania Rules of Civil Procedure and the pending Case Management Order issued in this matter.

12.    **Are there any related cases or claims pending:**    No.

          _____ Yes           **XX**\_\_\_\_\_ No

     If so, list caption(s) or other appropriate identifier:

13.    Do you anticipate joining additional parties:

                _____ Yes                \_\_\_XX\_\_\_\_\_ No

14.    Plaintiff's position as to liability:  Defendants' negligence consists of, but is not limited to the manufacture, sale, marketing, advertising, promotion, distribution and use of I.V. Flush Syringes sold in the public mainstream of commerce which were tainted with Burkholderia Cepacia.  Defendant's further negligence consisted of, but was not limited to, failure to timely diagnose and treat Burkholderia Cepacia in Decedent.

15.    Defense position as to liability: <u>See</u> Defendants' Memoranda.

16.    Defense position as to causation of injuries alleged: <u>See</u> Defendants' Memoranda.

17.    Identify all applicable insurance coverage:

<u>Defendant</u>                <u>Insurance Carrier</u>        <u>Coverage Limits</u>

See Defendant's Memorandum

**Are there issues as to the applicability of the above insurance coverage?**

See Defendant's Memorandum

                _____ Yes                _____ No

18.    Demand: $10,000,000.00        Offer: None

# EXHIBIT C

**Erin Larrea**

**Subject:**       Estate of David Harper v. Nurse Assist, et al

**From:** "Pope, Elizabeth A." <EAPope@MDWCG.com>
**Date:** October 10, 2019 at 3:46:01 PM EDT
**To:** Alysa Talarico <Atalarico@morganakins.com>
**Cc:** "Farrell, John C." <JCFarrell@MDWCG.com>
**Subject: Estate of David Harper v. Nurse Assist, et al**

Original defendants, Deer Meadows and Pennsylvania Hospital, having been dismissed from this matter, pursuant to 28 sec. 1446(b)(2)(A), Additional defendant/third-party defendant Pharmscript, LLC, consents to the removal of this action to the U.S. District Court of the Eastern District of Pennsylvania.



MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN
ATTORNEYS-AT-LAW
PA   NJ   DE   OH   FL   NY

**Elizabeth A. Pope**          2000 Market St.
*Attorney at Law*              Suite 2300
bio | e-mail | website         Philadelphia, PA 19103
                               Direct:   (215) 575-2599
                               Main:     (215) 575-2600
                               Fax:      (215) 575-0856

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to EAPope@MDWCG.com , or by telephone at (215) 575-2599 and then delete the message and its attachments from your computer.